**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| BARRY BOUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-00208-DGK-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Barry Bouse seeks judicial review of the Commissioner's finding that he is no longer disabled, and thus no longer eligible to receive benefits. The Commissioner alleges that since Plaintiff was found eligible in February of 1999 for disability insurance benefits and social security income, his medical condition has improved, and he is no longer eligible to receive benefits under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433, 1381-1383(f). Plaintiff has exhausted all of his administrative remedies of this determination and judicial review is now appropriate.

After careful review of the record the Court finds the administrative law judge's decision is supported by substantial evidence on the record, and the Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**Standard of Review**

A federal court's review of the Commissioner of Social Security's decision is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's conclusion. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court may not reverse the Commissioner's decision as long as substantial evidence in the records supports this decision, even if substantial evidence in the record also supports a different result, or if the court might have decided the case differently were it the initial finder of fact. *Id.*

Review of the Commissioner's decision to terminate a current recipient's disability benefits is governed by 42 U.S.C. § 423(f). A recipient may be found ineligible for continued benefits if there is substantial evidence showing medical improvement in the individual's impairment or combination of impairments related to the individual's ability to work. 42 U.S.C. § 423(f). Medical improvement is defined as a decrease in the severity of the recipient's impairments as established by improvement in symptoms, signs, or laboratory findings associated with the impairments. 20 C.F.R. §§ 404.1594(b)(1) and 416.994(b)(1). When there has been a medical improvement in the recipient's ability to perform basic work activities and, as a result, the claimant is able to engage in substantial gainful activity, a finding of not disabled is appropriate. 42 U.S.C. § 423(f).

**Analysis**

Plaintiff Barry Bouse alleges the administrative law judge ("ALJ") erred in two ways: First, the ALJ's finding that Bouse has experienced medical improvement sufficient to increase

his ability to perform basic work activities is not supported by the record; and second, the ALJ gave too little weight to a note written by Dr. Allison Fischer, D.O., which stated that Bouse's spine problems prevented him from holding down a full-time job.

**A.      The ALJ did not err in finding that Bouse experienced medical improvement that increased his ability to perform basic work activities.**

Bouse argues the ALJ erred by finding that his residual functional capacity ("RFC") to perform basic work activities had improved such that he could maintain full-time employment. Bouse contends the record simply does not support this finding. The Court holds this finding is supported by substantial evidence on the record.

The ALJ's opinion notes that at the time of the February 2, 1999, decision awarding benefits ("the comparison point decision") Bouse had "the following medically determinable impairments: depression, mild degenerative disk and joint disease, hyperthyroidism, mitral valve prolapse and status post carpal tunnel syndrome." (Tr. 22). These impairments limited his RFC "to lifting twenty pounds from table level and five pounds from the floor, sitting twenty minutes or standing ten to fifteen minutes before having to change position, walking 100 feet to half a mile, bending over or reaching above his head slowly, and having difficulty with his grip." He would also experience difficulty "in concentration, persistence and pace to such a degree that he could not even engage in even simple, routine, repetitive tasks." The opinion goes on to state that Bouse's medical condition subsequently improved. The ALJ found that as of January 1, 2005, Bouse still had medically determinable "back pain, disc herniation, history of left knee injury, a thyroid problem, emphysema, hypertension, depression and anxiety," but that he could perform light work, albeit with some additional limitations. More specifically, the ALJ found Bouse would need a sit/stand option and could only occasionally move in all postural positions,

and "should avoid concentrated exposure to vibrations, fumes, odors, dust, gas, poor ventilation and hazards such as dangerous moving machinery and heights," could "never climb a ladder, rope or scaffold," but could "perform simple tasks with simple instructions."

These findings are supported by substantial evidence on the record which shows a decrease in the severity of Plaintiff's impairments documented by improvements in Plaintiff's symptoms, signs, and laboratory findings. For example, in 1996 Bouse was hospitalized after reporting he planned to kill himself, received emergency room treatment for depression two other times, and was admitted to the hospital once again in 1997 after complaining of suicidal thoughts. After the February 1999 comparison point decision, however, the record is devoid of any hospitalizations or emergency room visits related to depression, anxiety, or thyroid problems.

In addition to the lack of evidence of any on-going problems, there is evidence on the record that the severity of Bouse's medical impairments has decreased. In October 2004 a doctor reported that the Plaintiff frequently smiled and had a positive effect, and that medication was relatively effective at controlling symptoms related to his hypothyroidism. X-rays taken in 2004 were negative for problems with his right hand, where carpal tunnel problems previously existed. With respect to his back and spine, although his range of motion related to his back and legs was somewhat limited, no neurological deficits were reported. Dr. John Wy also reported that although Bouse walked with a slight limp while being observed, he walked normally when he believed he was not being observed. Additionally, a consultative psychological examination found that Bouse had no serious psychotic or major thought disorder, no suicidal ideation and no marked social isolation or unusual constriction of interest. It found he had adequate short, intermediate, and long term memory, the ability to manipulate quantitative problems, and a

positive affect. Also a pulmonary function test in late 2004 showed minimal obstructive ventilator impairment. Finally, the record demonstrates, and the ALJ discussed, additional tests from 2005 and 2006 that confirmed that, as of January 1, 2005, the severity of his impairments had decreased.

The record as a whole also supports the ALJ's finding that his medical improvements improved his RFC. Given the medical evidence the ALJ properly held that as of January 1, 2005, Bouse had the RFC to perform light work, with some limitations. The ALJ did not, as Plaintiff suggests, substitute her opinion for that of the doctors, but properly relied on the opinions of the consultative examiners in determining his RFC. Accordingly, there is no error here.

**B.      The ALJ did not err in giving Dr. Fischer's opinion little weight.**

Bouse argues the ALJ also erred by disregarding the opinion of Dr. Allison Fischer, D.O., whom Bouse describes as a "treating physician." In 2007 Dr. Fischer wrote a short note on a prescription pad stating the following: "Barry has anklosing [sic] spondylosis with self-fusion of cervical and lumbar spine. He is not able to hold down a full time job with this illness." As the ALJ properly noted, however, Dr. Fischer's opinion does not qualify as a medical opinion. First, as an opinion regarding the ultimate issue in the case, the note on the prescription pad does not qualify as a medical opinion. 20 C.F.R. §§ 404.1527(e), 416.927(e). While an ALJ cannot ignore a source's opinion that a claimant is disabled or unable to work, such an opinion "can never be entitled to controlling weight or given special significance." SSR 96-5. Second, the ALJ noted the record did not contain any recent treatment notes from Dr. Fischer; in fact, the most recent treatment note from Dr. Fischer is from April 25, 2005). The ALJ also found that Dr. Fischer's opinion was inconsistent with the record as a whole, specifically Dr. Wy's opinion

that Bouse walked normally when he believed he was not being observed, and the list of Bouse's daily activities, which included cleaning the house, doing laundry, mowing the yard, and spending large amounts of time on the computer. Since these reasons are grounds to give Dr. Fischer's opinion little weight, there was no error here.

## Conclusion

After careful examination of the record as a whole, the Court finds the Commissioner's determination is supported by substantial evidence on the record, and the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  August 12, 2011          /s/ Greg Kays                              
                              GREG KAYS, JUDGE
                              UNITED STATES DISTRICT COURT